**BURSOR & FISHER, P.A.**
L. Timothy Fisher (SBN 191626)
Joel D. Smith (SBN 244902)
1990 North California Boulevard, Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-Mail: ltfisher@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (SBN 276006)
888 Seventh Avenue
New York, NY  10019
Telephone: (212) 989-9113
Facsimile:  (212) 989-9163
E-Mail: scott@bursor.com

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA ROSILLO, individually and on behalf of all others similarly situated,<br><br>             Plaintiff,<br><br>     v.<br><br>CALIFORNIA NATURAL LIVING, INC.,<br><br>             Defendant. | **Case No.**  5:18-cv-01493<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

CLASS ACTION COMPLAINT

Plaintiff Lisa Rosillo ("Plaintiff"), by and through her attorneys, makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to allegations specifically pertaining to herself and her counsel, which are based on personal knowledge, against Defendant California Natural Living, Inc. (hereinafter, "Defendant").

## NATURE OF ACTION

1. This is a class action lawsuit on behalf of purchasers of California Baby Natural Bug Blend Bug Repellent (the "Product") in the United States.

2. Defendant represents that the Product is a "bug repellent" that "repels mosquitoes."




3. Unfortunately for consumers however, the Product is a complete sham. Scientific evidence shows that the Product does not repel mosquitoes. The product is ineffective and worthless.

4. Independent laboratory testing commissioned by Plaintiff's counsel in early 2018 revealed that the Product was ineffective in repelling Aedes mosquitoes and Culex mosquitoes – the two most worrisome and common species of mosquitoes

found in the United States.[1]  Defendant's Product failed the laboratory testing almost immediately—all of the test subjects were bitten by both species of mosquitoes. Photographs of some of the Product's test subjects being bitten by mosquitoes shortly after application of the Product are shown below:



---

[1] *See* https://www.nytimes.com/2016/06/29/nyregion/mosquitoes-diseases-zika-virus.html

CLASS ACTION COMPLAINT                                                                  2



5. California Baby Natural Bug Blend Bug Repellent also flunked 2016 testing by Consumer Reports "to see how effectively it protects against Aedes mosquitoes (that tend to bite during the day and can spread Zika) and Culex mosquitoes (nighttime biters that can spread West Nile)."[2] During the Consumer Reports testing, the subjects were bitten by both species of mosquitoes within half an hour after application of California Baby Natural Bug Blend Bug Repellent.[3] This led Consumer Reports to conclude that California Baby Natural Bug Blend Bug Repellent exhibited "[p]oor performance at repelling mosquitoes."[4]

6. Upon information and belief, Defendant has sold millions of units of the Product by promising consumers an effective mosquito repellent.

---

[2] *See* https://www.consumerreports.org/products/insect-repellent/california-baby-natural-bug-blend-291701/overview/
[3] *See* https://www.consumerreports.org/content/dam/cro/news_articles/health/Consumer-Reports-Insect-Repellent-Ratings-February-2016.pdf
[4] *See* https://www.consumerreports.org/products/insect-repellent/california-baby-natural-bug-blend-291701/overview/

CLASS ACTION COMPLAINT 3

7. Plaintiff is a purchaser of California Baby Natural Bug Blend Bug Repellent who asserts claims on behalf of herself and similarly situated purchasers of California Baby Natural Bug Blend Bug Repellent for violations of the consumer protection laws of California, unjust enrichment, breach of express and implied warranties, and fraud.

## PARTIES

8. Plaintiff Lisa Rosillo, is, and at all times relevant to this action has been, a resident of Victorville, California.  Ms. Rosillo purchased the Product from a Walmart store in Apple Valley, California in or about July, 2016 for approximately $15.  Prior to purchase, Ms. Rosillo carefully read the Product's labeling, including representations that the Product is a "bug repellent" that "repels mosquitoes."  Ms. Rosillo believed these statements to mean the Product would repel mosquitoes and relied on them in that she would not have purchased the Product at all, or would have only been willing to pay a substantially reduced price for the Product, had she known that these representations were false and misleading.

9. Ms. Rosillo wants to purchase effective bug spray products in the future and Ms. Rosillo regularly visits stores where Defendant's Product is sold.  However, she cannot be certain that Defendant's "bug repellent" representations are true when she sees the product on the store shelves.  Moreover, the fact that Ms. Rosillo now knows that this particular product is not an effective bug spray does not mean that she can simply look at Defendant's labeling to determine whether its "bug repellent" labeling is accurate.  Companies frequently substitute one ingredient for another, and so she cannot be sure if the product has improved or not.

10. Defendant California Natural Living, Inc. is a California corporation with its principal place of business at 5933 Bowcroft St., Los Angeles, CA  90016.

11. Defendant manufactures, markets, and distributes the California Baby Natural Bug Blend Bug Repellent throughout the United States.

CLASS ACTION COMPLAINT                           4

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1331 (federal question). This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

13. This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 class members and the aggregate amount in controversy exceeds $5,000,000, exclusive of interest, fees, and costs, and at least one Class member is a citizen of a state different from Defendant.

14. This Court has personal jurisdiction over Defendant because Defendant's principal place of business is in this District.

15. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant does substantial business in this District, a substantial part of the events giving rise to Plaintiff's claims took place within this District (*e.g.*, the research, development, design, and marketing of California Baby Products), and Defendant's principal place of business is in this District.

## CLASS REPRESENTATION ALLEGATIONS

16. Ms. Rosillo seeks to represent a class defined as all persons in the United States who purchased California Baby Natural Bug Blend Bug Repellent (the "Class"). Excluded from the Class are persons who made such purchase for purpose of resale.

17. Ms. Rosillo also seeks to represent a subclass defined as all Class members who purchased California Baby Natural Bug Blend Bug Repellent in California (the "California Subclass").

18. Members of the Class and California Subclass are so numerous that their individual joinder herein is impracticable. On information and belief, members of the Class and California Subclass number in the millions. The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery. Class members may be notified of the pendency of

this action by mail and/or publication through the distribution records of Defendant and third-party retailers and vendors.

19. Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. Common legal and factual questions include, but are not limited to whether Defendant's labeling, marketing and promotion of the Product is false and misleading.

20. The claims of the named Plaintiff are typical of the claims of the Class in that the named Plaintiff was exposed to Defendant's false and misleading marketing and promotional materials and representations, purchased California Baby Natural Bug Blend Bug Repellent, and suffered a loss as a result of that purchase.

21. Plaintiff is an adequate representative of the Class and California Subclass because her interests do not conflict with the interests of the Class members she seeks to represent, she has retained competent counsel experienced in prosecuting class actions, and she intends to prosecute this action vigorously. The interests of Class members will be fairly and adequately protected by Plaintiff and her counsel.

22. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class members. Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability. Class treatment of the liability issues will ensure

that all claims and claimants are before this Court for consistent adjudication of the liability issues.

# COUNT I
### (Unfair and Deceptive Acts and Practices in Violation of the California Consumers Legal Remedies Act)

23. Plaintiff incorporates by reference and re-alleges herein all paragraphs alleged above.

24. Plaintiff brings this cause of action on behalf of herself and members of the California Subclass.

25. This cause of action is brought pursuant to California's Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750-1785 (the "CLRA").

26. Plaintiff and the other members of the California Subclass are "consumers," as the term is defined by California Civil Code § 1761(d), because they bought the Product for personal, family, or household purposes.

27. Plaintiff, the other members of the California Subclass, and Defendant have engaged in "transactions," as that term is defined by California Civil Code § 1761(e).

28. The conduct alleged in this Complaint constitutes unfair methods of competition and unfair and deceptive acts and practices for the purpose of the CLRA, and the conduct was undertaken by Defendant in transactions intended to result in, and which did result in, the sale of goods to consumers.

29. As alleged more fully above, Defendant has violated the CLRA by falsely representing to Plaintiff and the other members of the California Subclass that the Product is a "bug repellent" that "repels mosquitoes" when the product in fact does not.

30. As a result of engaging in such conduct, Defendant has violated California Civil Code § 1770(a)(5), (a)(7) and (a)(9).

31. CLRA § 1782 NOTICE. On May 15, 2018, a CLRA demand letter was sent to Defendant via certified mail that provided notice of Defendant's violation of the CLRA and demanded that within thirty (30) days from that date, Defendant correct, repair, replace or otherwise rectify the unlawful, unfair, false and/or deceptive practices complained of herein. The letter also stated that if Defendant refused to do so, a complaint seeking damages in accordance with the CLRA would be filed. Defendant has failed to comply with the letter. Accordingly, pursuant to California Civil Code § 1780(a)(3), Plaintiff, on behalf of herself and all other members of the California Subclass, seeks injunctive relief, compensatory damages, punitive damages, and restitution of any ill-gotten gains due to Defendant's acts and practices.

## COUNT II
### (Violations of California's False Advertising Law)

32. Plaintiff incorporates by reference and re-alleges herein all paragraphs alleged above.

33. Plaintiff brings this cause of action on behalf of herself and members of the California Subclass.

34. As alleged more fully above, Defendant has falsely advertised the Product by falsely claiming that the Product is a "bug repellent" that "repels mosquitoes" when the Product in fact does not.

35. Plaintiff and the other members of the California Subclass have suffered injury in fact and have lost money or property as a result of Defendant's violations of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500 et seq.

## COUNT III
### (Violation California's Unfair Competition Law)

36. Plaintiff incorporates by reference and re-alleges herein all paragraphs alleged above.

37. Plaintiff brings this cause of action on behalf of herself and members of the California Subclass.

38. By committing the acts and practices alleged herein, Defendant has violated California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200-17210, as to the California Subclass, by engaging in unlawful, fraudulent, and unfair conduct.

39. Defendant has violated the UCL's proscription against engaging in unlawful conduct as a result of:

    (a) its violations of the CLRA, Cal. Civ. Code § 1770(a)(5), (a)(7), and (a)(9), as alleged above; and

    (b) its violations of the FAL, Cal. Bus. & Prof. Code § 17500 *et seq.* as alleged above.

40. Defendant's acts and practices described above also violate the UCL's proscription against engaging in fraudulent conduct.

41. As more fully described above, Defendant's misleading marketing, advertising, packaging, and labeling of the Product is likely to deceive reasonable consumers. Indeed, Plaintiff and the other members of the California Subclass were unquestionably deceived regarding the nature of the Product, as Defendant's marketing, advertising, packaging, and labeling of the Product misrepresents and/or omits the true facts concerning the nature of the Product. Said acts are fraudulent business practices.

42. Defendant's acts and practices described above also violate the UCL's proscription against engaging in unfair conduct.

43. As a result of these misrepresentations, Plaintiff and members of the California Subclass suffered economic injury because they would not have purchased the Product if they had known the Product was ineffective to repel mosquitoes, or would have only been willing to pay a substantially reduced price for the Product had they known the product was ineffective to repel mosquitoes.

44. There is no benefit to consumers or competition from deceptively marketing and labeling the Product, which purports to be a "bug repellent" that "repels mosquitoes" when these unqualified claims are false.

45. Plaintiff and the California Subclass members had no way of reasonably knowing that the Product they purchased was not as marketed, advertised, packaged, or labeled.  Thus, they could not have reasonably avoided the injury each of them suffered.

46. The gravity of the consequences of Defendant's conduct as described above outweighs any justification, motive, or reason therefore, particularly considering the available legal alternatives which exist in the marketplace, and such conduct is immoral, unethical, unscrupulous, offends established public policy, or is substantially injurious to Plaintiff and the California Subclass.

47. Defendant's violations of the UCL continue to this day.

48. Pursuant to California Business and Professional Code § 17203, Plaintiff and the California Subclass seek an order of this Court that includes, but is not limited to, an order requiring Defendant to:

(a) provide restitution to Plaintiff and the other California Subclass members;

(b) disgorge all revenues obtained as a result of violations of the UCL; and

(c) pay Plaintiff's and the California Subclass' attorneys' fees and costs.

## COUNT IV
### (Violation of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*)

49. Plaintiff incorporates by reference and re-alleges herein all paragraphs alleged above.

50. Plaintiff brings this claim individually and on behalf of the members of the proposed Class and California Subclass against Defendant.

51. The Product is a consumer product as defined in 15 U.S.C. § 2301(1).

52. Plaintiff and members of the Class and California Subclass are consumers as defined in 15 U.S.C. § 2301(3).

53. Defendant is a supplier and warrantor as defined in 15 U.S.C. § 2301(4) and (5).

54. In connection with the sale of the Product, Defendant issued written warranties as defined in 15 U.S.C. § 2301(6), by making express warranties that the Product is a "bug repellent" that "repels mosquitoes."

55. In fact, the Product is incapable of repelling any of the aforementioned insects.

56. By reason of Defendant's breaches of warranty, Defendant violated the statutory rights due Plaintiff and members of the Class and California Subclass pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*, thereby damaging Plaintiff and members of the Class and California Subclass.

57. Plaintiff and members of the Class and California Subclass were injured as a direct and proximate result of Defendant's breach because they would not have purchased the Product if they knew the Product was ineffective at repelling mosquitoes, or would have only been willing to pay a substantially reduced price for the Product if they knew the Product was ineffective at repelling mosquitoes.

## COUNT V
**(Breach of Express Warranty)**

58. Plaintiff incorporates by reference and re-alleges herein all paragraphs alleged above.

59. Plaintiff brings this claim individually and on behalf of the members of the proposed Class and California Subclass against Defendant.

60. In connection with the sale of the Product, Defendant, as the designer, manufacturer, marketer, distributor, and/or seller, issued written warranties by representing that the Product was a "bug repellent" that "repels mosquitoes."

61. In fact, the Product does not conform to the above-referenced representations because the Product is ineffective at repelling mosquitoes.

62. Plaintiff and Class members were injured as a direct and proximate cause of Defendant's breach of express warranty because they would not have purchased the Product if they knew the truth about the product and its inability to repel mosquitoes, or would have only been willing to pay a substantially reduced price for the Product had they known the product was ineffective at repelling mosquitoes.

## COUNT VI
### (Unjust Enrichment)

63. Plaintiff incorporates by reference and re-alleges herein all paragraphs alleged above.

64. Plaintiff brings this claim individually and on behalf of the members of the proposed Class and California Subclass against Defendant.

65. Plaintiff and Class members conferred benefits on Defendant by purchasing the Product.

66. Defendant has knowledge of such benefits.

67. Defendant has been unjustly enriched in retaining the revenues derived from Plaintiff's and Class members' purchases of the Product.  Retention of those moneys under these circumstances is unjust and inequitable because Defendant misrepresented that the Product is a "bug repellent" that "repels mosquitoes."

68. Because Defendant's retention of the non-gratuitous benefits conferred on them by Plaintiff and Class members is unjust and inequitable, Defendant must pay restitution to Plaintiff and Class members for its unjust enrichment, as ordered by the Court.

# COUNT VII
## (Fraud)

69. Plaintiff incorporates by reference and re-alleges herein all paragraphs alleged above.

70. Plaintiff brings this claim individually and on behalf of the members of the proposed Class and California Subclass against Defendant.

71. As discussed above, Defendant misrepresented on the Product's labeling that it is a "bug repellent" that "repels mosquitoes."

72. The false and misleading representations and omissions were made with knowledge of their falsehood. Defendant manufacturers all of its own products[5] and is undoubtedly aware of the Consumer Report study finding that the Product does not work. Nonetheless, Defendant continues to sell its ineffective and worthless Product to unsuspecting consumers.

73. The false and misleading representations were made by Defendant, upon which Plaintiff and members of the proposed Class and California Subclass reasonably and justifiably relied, and were intended to induce and actually induced Plaintiff and members of the Class and California Subclass to purchase the Product.

74. The fraudulent actions of Defendant caused damage to Plaintiff and members of the Class and California Subclass, who are entitled to damages and other legal and equitable relief as a result.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

    a.    For an order certifying the nationwide Class and the California Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and California Subclass and

---

[5] https://www.californiababy.com/pages/our-manufacturing-facility

Plaintiff's attorneys as Class Counsel to represent the members of the Class and California Subclass;

b. For an order declaring that Defendant's conduct violates the statutes referenced herein;

c. For an order finding in favor of Plaintiff, the nationwide Class, and the California Subclass on all counts asserted herein;

d. For compensatory and punitive damages in amounts to be determined by the Court and/or jury;

e. For prejudgment interest on all amounts awarded;

f. For an order of restitution and all other forms of equitable monetary relief;

g. For an order requiring Defendant to undertake a corrective advertising campaign;

h. For injunctive relief as pleaded or as the Court may deem proper; and

i. For an order awarding Plaintiff and the Class and California Subclass their reasonable attorneys' fees and expenses and costs of suit.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury of all issues so triable.

Dated: July 13, 2018

Respectfully submitted,

**BURSOR & FISHER, P.A.**

By: */s/ L. Timothy Fisher*
L. Timothy Fisher

L. Timothy Fisher (SBN 191626)
Joel D. Smith (SBN 244902)
1990 North California Blvd., Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455

Facsimile: (925) 407-2700
Email: ltfisher@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (SBN 276006)
888 Seventh Avenue
New York, NY 10019
Telephone: (212) 989-9113
Facsimile: (212) 989-9163
E-Mail: scott@bursor.com

*Counsel for Plaintiff*

**CLRA Venue Declaration Pursuant to California Civil Code Section 1780(d)**

I, Lisa Rosillo, declare as follows:

1. I am a plaintiff in this action and a citizen of the State of California. I have personal knowledge of the facts stated herein and, if called as a witness, I could and would testify competently thereto.

2. The complaint filed in this action is filed in the proper place for trial under California Civil Code Section 1780(d) in that Defendant conducts a substantial amount of business in this District.

3. In July 2016, while living in California, I purchased California Baby Natural Blend Bug Repellent (the "Product") from a Walmart store located in Apple Valley, California for approximately $15. In purchasing the Product, I relied on Defendant's representation that the Product is a "bug repellent," which was depicted in large text on the front label underneath a picture of a smiling sun, and that the Product "repels mosquitoes," which was depicted on the back label in clear text. I understood this representation to mean that the Product would repel mosquitoes upon application. This representation was a substantial factor influencing my decision to purchase the Product. I would not have purchased the Product or would have only been willing to pay a substantially reduced price for the Product had I known that this representation was false and misleading.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct, executed on July 5th, 2018 at Victorville, California.

_____
Lisa Rosillo